MICHAEL BRAZEEL,
PRO SE, ET. AL.
v.
WARDEN GWENDOLYN
MOSLEY, ET. AL.
Defendants

## AFFIDAVIT of THOMAS OTTER ADAMS - 100612-B

I was "arrested" on the Indian grounds at E.C.F. on June 21, 2005, for what I was told was a violation of Rule #62, safety, security or a health hazard, this disciplinary was never brought up against me. On Nov 21, 2005 I was locked up in SB-8 for over 5 months.

3 months later on Sep. 21, 2005, I was taken to a re-class hearing and given an indeterminant sentence to remain in S. Dorm, administrative segregation. I am serving 6 concurrent life sentences.

It is my contention that the Ala. D.O.C. is in violation of its own Admin. Reg. 433, Sec. II(c)., no inmates are provided access to any programs.

It is my contention that the Ala. D.O.C. is in violation of its Admin. Reg 433.

III, (A), THERE IS NO 72 HOUR REVIEW, AS WELL AS III (B), TO WAIT 90 DAYS TO BE RE-CLASSED HAS SUBJECTED ME TO CRUEL & UNUSUAL PUNISHMENT, WHICH CLEARLY SHOWS, CALLOUS AND DELIBERATE INDIFFERENCE., INCLUDING, IV (1) INEFFECTIVE STAFF MEMBERS ARE NOT PROMPTLY REMOVED, IV (2) ALL ACTIVITY IS NOT MAINTAINED IN THE Seg. Log, IV(C)(9), THERE ARE MANY CELLS WHICH ARE HOUSING 3 INMATES, ONE INMATE SLEEPS ON THE FLOOR FROM 2 WEEKS TO INDEFINITE. (C)(2)(C) INMATES IN S-DORM SEG ARE FORCED TO USE A SINGLE PAIR OF BARBER CLIPPERS, WHICH ARE <u>NEVER</u> CLEANED, THERE ARE OVER 80 INMATES IN S-DORM., (C)(2)(d) INMATES IN SEG. ARE REQUIRED TO WEAR A BUZZ-CUT, TO DE-HUMANIZE PEOPLE, AND TO HUMILIATE. (C)(8)(A), ALL INMATES ARE FORCED TO WEAR HANDCUFFS AND LEG SHACKLES, REGARDLESS. (C)(8)(b) REQUIRES THE SAME. (10)(A-d) CREATES LIBERTY INTERESTS WHICH ARE TAKEN WITHOUT ANY "DUE-PROCESS." (14) NO INMATES IN ADMIN. SEG. ARE PERMITTED ANY HOBBY/CRAFT ITEMS. (16) THERE ARE NO GRIEVANCE PROCEDURES AFFORDED TO ANY INMATES IN S-DORM SEGREGATION. (17)(A) THERE IS NO ACCESS TO ANY ADULT BASIC MATERIALS.

(7)

(17)(b) There are no small recreational activities or psychological therapy.

Furthermore, the Ala. D.O.C. is in violation of Admin. Reg. #436 Segregation Review, the following: (I)(C)(1),(2),(3),(4), - II(D), in that the Chaplain is required to attend on the Review Board which violates the Establishment Clause of the 1st Amendment. As well as the (II)(F), the Administration uses the term and classification, "Indefinite Period." III(B) violates the 1st Amendments, Establishment Clause in that the Principle Membership requires a Chaplain. III(B)(2) as well as, III(C), III(D), III(D)(4). The Decisions of the Dept. Review Bd. are not final.

I affirm under the penalty of perjury that the foregoing is true and correct to the best of my belief and knowledge.

Pursuant to Johnson v. Avery 393 U.S. 483, Michael Brazell has requested that I assist him in these 42 U.S.C. 1983 efforts. I am glad to do that. s. Thomas Otter Adams - 100612

Done this 27 day of Nov. 2005.