RECEIVED

DEBRA P. HACK[ETT]
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL ALAN BRAZEL,
ET. AL., PLAINTIFF(S)

v.

GWENDOLYN MOSLEY,
ET. AL., DEFENDANTS

2:05-CV-1130-T

## PRELIMINARY INJUNCTION

Plaintiff, and others similarly situated, now being held in Easterling Correctional Facilities Segregation Unit, come before this Court, the Honorable Susan Ross Walker, a United States Magistrate Judge.

Pursuant to Federal Rules of Civil Procedure #65 (a)(2),(b), the complaint, supporting affidavits, Plaintiff(s) pray this Honorable Court for a preliminary injunction.

PLAINTIFF(S), MICHAEL ALAN BRAZELL, #226568 REQUESTS THE ASSISTANCE OF INMATE, THOMAS OTTER ADAMS-#100612, PURSUANT TO: JOHNSON v. AVERY 393 U.S. 483, 490 (1969).

PLAINTIFF AND OTHERS SIMILARLY SITUATED, WHO IN DUE RESPECT OF THIS COURT'S WISDOM AND EXPERIENCE, NOW OPPOSE RECOMMENDATION #1 OF THE HONORABLE SUSAN ROSS WALKER, WHO MAINTAIN AN OBJECTION, BEING DENIED A PRELIMINARY INJUNCTION, THE 6TH DAY OF DECEMBER, 2005.

PLAINTIFF(S) NOW SEEK AND PRAY FOR THE IMMEDIATE RELIEF, PURSUANT TO F.R.CIV.P.- #65 (A)(2),(b), THIS HONORABLE COURT ISSUE AN IMMEDIATE TEMPORARY RESTRAINING ORDER AGAINST THE DEFENDANT(S) AT EASTERLING CORRECTIONAL FACILITY'S, SEGREGATION UNIT.

PLAINTIFF(S) MAINTAIN THAT DUE TO THE "TOTALITY OF THE CONDITIONS," PALMER v. JOHNSON 193 F.3D 346, (5TH CIR. 1999) THE INMATES OF THE SEGREGATION UNIT-5B OF E.C.F. ARE DUE TO BE GRANTED THIS MOTION, THAT THE CONDITIONS ADD UP TO CREATE AN OVERALL EFFECT

(1)

which was, is and will be unconstitutional. What these multiple conditions, individually and collectively violate the 8th Amendment.

Plaintiff(s) maintain that from the specific allegations of sworn affidavits, and the original complaint of 2:05-CV-1130-T, that immediate and irreparable psycological and physical injury loss and damage will now and does result to the Plaintiff(s), Affiant(s).

Plaintiff(s) respectfully request of this Honorable Court that the continued "careful review" is practiced, in what the Supreme Court has said in Conley v. Gibson 355 U.S. 41, 45-46 (1957), "Considering a motion to dismiss, a pro-se complaint should be held to less strict standards than a motion drafted by a lawyer." Also as noted in Cruz v. Beto 405 U.S. 319, 322 (1972). "The complaint," should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief."

PLAINTIFF(S) SEEK TO SATISFY THE PREREQUISITES AS FOLLOWS;

(1) PURSUANT TO 28 § 1746 (2), PLAINTIFF(S), SUBMIT BEFORE THIS HONORABLE COURT, AFFIDAVITS WHICH ARE BY AFFIRMATION AND OATH, TRUTH, AND MUST BE CONSIDERED AND HELD TO BE TRUTH.

PLAINTIFF(S) RESPECTFULLY REQUEST THIS HONORABLE COURT TO EXAMINE AFFIDAVIT(S) OF;

MICHAEL BRAZELL - #226568 who AFFIRMS "SEG. Comm. Sgt. HULETT. AND CO I IVEY CAME TO MY CELL DOOR AND ORDERED ME TO HAND-CUFF BEHIND MY BACK", "I WAS ORDERED OUT OF MY CELL", "CO I IVEY. WAS TWISTING AND PULLING THESE HANDCUFFS, CAUSING SEVERE PAIN, BRUISING, SWELLING, AND ABRASIONS FROM HIS FINGERNAILS". "CO I IVEY WAS LAUGHING". "SGT. HULETT MADE NO ATTEMPT TO STOP CO I IVEY." "I WAS DENIED ANY MEDICAL TREATMENT FOR OVER 20 HRS." [ WARDEN MOSLEY COULD FIND A VIOLATION OF ADMIN. REG. 433 III (A)(1) HAS OCCURED, AND WOULD THEN TAKE EFFECTIVE AND APPROPRIATE IMMEDIATE MEASURES ]. "THE DEPUTY WARDEN AS WELL AS STAFF (SEGREGATION BOARD) WAS IN S. DORM LOBBY", "LEAVING ME IN SEVERE

(3)

pain." "While Cedric Brooks was in the Seg. Eq. Room at a hearing, he tried to explain my situation and Sgt. Helton told him (Cedric Brooks) to be quiet."

Inmate Garrett Grimes #173280 states under oath: "I've been housed in the Seg. Unit (February 2003), and have been assaulted twice by officers, while in restraints." "Those who seek redress or relief thru the courts are in constant fear of being harrassed, assaulted and written up by officers." "I have complained to the Warden several times, but my complaints are brushed aside." "It has become a pattern." "I have been beaten by her officers twice."

From inmate Grimes - second affidavit, under oath, "This is the second time they (officers) have assaulted Brazell, and now they (Warden Mosley) are attempting to get his judge (McRae, Mobile County) to revoke his split sentence because he has filed a federal complaint."

From inmate Adam Pitts - #190612; "Out on the tier CO1 Ivey snatched Brazell around by his handcuffs, even after Brazell told CO1 Ivey it was hurting, he (CO1 Ivey) still continued to use excessive force on Brazell."

(4)

From inmate Gregory Boykins, #107120 - "I've been subjected to 8th Amendment violations, such as Acts of Cruelty, inhumane and degrading treatment, excessive punishment and continued isolation as follows; (A) (B) (C) (D) (E) (F) (G) (H)."

From inmate Ricky Davis - #173073, "Sgt. Helott choked me, and CO1 Ivey tried to kick my feet out from under me," "I was hand-cuffed behind my back," "I asked to go to the toilet and was then refused, to get attention, I kicked my tray top." "Then CO1 Grimsley and Sgt. Helott came in the segregation board room, grabbed me and Sgt. Helott hit my face into the wall many times."

Plaintiff(s) and Affiants submit the Declaration of Named Affiant(s), in whole as true and correct, by oath and signature.

(2) Plaintiff(s) maintain that the actions of Defendant(s), exampled by the sworn Affidavits submitted, constitute cruel and then unusual punishments causing emotional pain and physical suffering.
   Plaintiff(s) maintain that the Segregation Unit of E.C.F. deprives inmates of the minimal

(5)

necessities of civilized life. the constitutional rights of the plaintiff(s), problematic as we sometimes are, are violated by these extreme deprivations, which cause profound and obvious psychological pain and suffering, which is then brutality. The Seg. Unit. at E.C.F. may very well be labeled "virtual incubators of psychoses - seeding illness in otherwise basically healthy inmates. And exacerbating illness in those of us who were/are already suffering from mental illness. It is a tragic and very ironic twist that the Seg. Unit. actually nurtures rather than abates our individual illnesses.

(3) Plaintiff(s) contend that in the "interests of justice", the motion for preliminary injunction must issue, that prisoners as a product of their environment (prison) must return to a society hopefully in better mental, emotional and when possible physical shape. The "threatened injury" to inmates of E.C.F.'s Seg Unit is very real and is evidenced by medical and psychological files, reports, notes etc. and may be obtained by the requirement of this Honorable Court.

(4) Plaintiff(s) aver that there will not be any type of harm or threat to the

(6)

public which would Then be adverse, but on the contrary should this proposed injunction and the following stipulations issue by this Honorable Courts ORDER, it is then expected and the desire of the Plaintiff(s) that only positive effects would result.

The Plaintiff(s) respectfully request that this Courts "careful review" would follow;

### IMMEDIATE RELIEF

(1) Where prisoners are found to be suffering from, Reduced Environmental Stimulation (RES), semi-fatuous behavior, violent insanity, suicide, confused thought process, hallucinations, irrational anger, emotional flatness, and violent depression Plaintiff request the implementation of the now issued Administrative Regulation # 433, II Policy, (C).

(2) Where the evidence of a pattern of, slamming, hitting, and kicking by CO's is found, that in the implication of the Constitution, the CO's or superiors be promptly removed, pursuant to Administrative Regulation # 433, III Operations (A).

(7)

(3) Where supervisor(s) are present and fail to intervene, appropriate measures, pursuant to Admin. Reg. IV, oper. (A).

(4) Where supervisor(s) have initiated hostile acts of retaliation against inmates Michael Brazell-#226568 and Ricky Davis-#173073, including but not limited to C.E.R.T. team members unidentified and known only as Officer(s) X. Appropriate sanctions and restrictions.

(5) Where staff (D.O.C.) has responded to inmate misconduct without justification, a requirement to direct and train staff (D.O.C.) to respond without force, and if force is necessary, to then utilize techniques that minimize injuries. Also the development of a manual (or the revision of an existing).

(6) Plaintiff(s) require that there be no type of retaliation because we have sought the Court's help by filing a federal complaint.

(8)

CERTIFICATION

I, Michael Brazell 226568, do hereby certify under the penalty of perjury, pursuant to 28 USC § 1746 that the foregoing document(s) are true and correct, to the best of my ability and belief, except as to matters alleged on information and belief, and, as to those affidavit(s), I believe them to be true.

X Michael Brazell 226568

MICHAEL BRAZELL - 226568
SB-8 E.C.F.
200 WALLACE DR.
CLIO, ALA 36017

I, Thomas Odoms - 100612 as assistant pursuant to Johnson v. Avery 393 U.S. 483