RECEI DEC 19 DEBRA P. U.S. DI

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL BRAZELL ET. AL. PLAINTIFF(S)

V.

GWENDOLYN MOSLEY ET. AL., DEFENDANT(S)

CIVIL ACTION

2:05-CV-1130-T

AFFIDAVIT OF THOMAS ADAMS

COMES NOW THE AFFIANT THOMAS ADAMS, BEFORE THE HONORABLE SUSAN ROSS WALKER, A UNITED STATES MAGISTRATE JUDGE,

PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. 1746 (2), WHICH UNDER THE PENALTY OF PERJURY DEPOSES THE FOLLOWING:

# Affidavit

I, hereby affirm that the following occurred on November 16, 2005.

At about 8:30-9:00, inmate Brazell requested of COI Ivey, "will you give me my shower shoes;" they were outside the cell door, SB-8. I have occupied cell SB-8 since 6-21-05,

COI Ivey had answered with an insulting comment, possibly to then provoke inmate Brazell.

Inmate Brazell then reacted, by throwing his lunch tray on the tier!

About 20 minutes later, COI Ivey returned and ordered inmate Brazell to hand-cuff behind your back, Seg. Comm. Sgt. Nelott was present, who failed to intervene.

Inmate was taken then from SB-8 and forced and drug by his hand-cuffs up the tier, (appr. 30'). There was no legitimate penological reason for this action by CO I Ivey.

I was arguing with Sgt. Nelott at the "chuck-hole" of SB-8, Seg. Comm. Sgt. Nelott then ordered CO I Ivey

to "return Brazell to his cell;", CO I Ivey then drug inmate Brazell back down the tier, by his handcuffs, twisting and turning and/or pulling them.

SB-8 was opened, inmate Brazell was pushed in, told to present his arms out the "chuck-hole" and hand-cuffs removed.

CO I Ivey had intentionally pushed inmate Brazell into Seg. Comm. Sgt. Nelott, returning to the cell.

Inmate Brazell requested immediate medical care and was repeatedly refused any attention.

[ Will this Honorable Court please note that inmate Brazell has been locked-down in Segregation for over 16 months for assault on an inmate w/o a weapon, and now retains a 6 month clear record. (Dec. 13, 2005). ]

Inmate Brazell requested medical treatment during the course of 2nd shift, being denied each request.

There was an extra formal sick-call request in SB-8, inmate Brazell filed it

IT OUT AND PLACED IT IN THE DOOR OF THE CELL, CO I WILLIAMS AND CO I FLOYD, SAW THE REQUEST, TOOK THE INITIATIVE AND THEN REQUIRED OF THEIR IMMEDIATE SUPERVISOR WHAT ACTION(S) TO TAKE, (SGT. BARTLEY).

SGT. BARTLEY (3RD SHIFT) THEN INTERVIEWED INMATE BRAZELL AND MYSELF AT APPROXIMATELY 5:00 AM NOV. 17, 2005.

INMATE BRAZELL WAS TAKEN TO H.C.U. (HEALTH CARE UNIT), AND REPORTEDLY EXAMINED BY NURSE DAWSON A BODY CHART MADE, AND RETURNED TO SB-8.

AT ABOUT 9:00-10:00 AM 11-17-05, INMATE BRAZELL WAS HANDCUFFED AND TAKEN TO THE LOBBY AND INTERVIEWED BY CAPTAIN KENNETH SCONYERS, CO II, AND OFFICER X.

IT IS MY STATEMENT THAT CO I IVEY CONTINUES TO WORK SEGREGATION UNIT, I.E. NOV. 17, 2005, ALSO DEC. 5, 7, 8, 9, 11, 12, 13, AND AS OF THIS FILING DEC. 14, 2005

THE QUESTION BEFORE THIS COURT, IS THIS IN VIOLATION OF ADMINISTRATIVE REGULATION # 433 IV (A)(1)?

INMATE BRAZELL CONTINUES TO COMPLAIN OF "NUMBNESS, AND SORE SHOULDERS".

IT IS MY CONTENTION THAT THE ACTION(S) OF THE DEFENDANT(S), WERE ACTION(S) OF HOSTILITY, BRUTALITY, AND deliberate indifference, THAT INMATE BRAZELL IS A VICTIM OF EXCESSIVE FORCE AND ABUSE. THIS IS A "PATTERN" OF behavior by D.O.C. employees.

I, AFFIRM UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING AFFIDAVIT IS TRUE AND CORRECT TO THE BEST OF MY BELIEF AND KNOWLEDGE.

THOMAS OTTER ADAMS - 100062

5B-8. E.C.F.
200 WALLACE DR.
CLIO, ALABAMA 36017

DONE THIS 14TH DAY OF DECEMBER, 2005.

