RECEIVED
2006 JAN -4 A 9:37
[U.S. DISTRICT COURT stamp]

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL ALLEN BRAZELL, AND OTHERS SIMILARLY SITUATED, PRO SE <br> V.S. <br> GWENDOLYN MOSLEY, WARDEN III E.C.F., ET. AL. | CIVIL ACTION <br> 2:05-CV-1130-T |

## MOTION FOR RECONSIDERATION

COMES NOW THE PLAINTIFF, MICHAEL ALLEN BRAZELL, A STATE PRISONER, WHO BEFORE THIS HONORABLE COURT PRAYS FOR RELIEF IN THIS MOTION FOR RECONSIDERATION.

IN THE SUPPORT THERE OF THE PLAINTIFF AND OTHERS IN THE SIMILAR SITUATION ALLEGE AND MAINTAIN UNDER THE PENALTY OF PERJURY THE FOLLOWING;

DECLARATION of
MICHAEL ALLEN BRAZIEL - 226568
_____

During the month of May, 2005, while being held in Segregation Block, Nurse McDaniel, (P.H.S. - Prison Health Services) came to take blood samples from me, it was a yearly physical.

I was taken from my cell, to the lobby area and office, Nurse McDaniel was in the process of taking blood sample(s), while the syringe was in my arm, COI Tew and COI Ellis jerked me around, tearing the vein and threw me against the wall, Seg. Commander Sgt. Holott was there and failed to then intervene.

I had been watching Sgt. Holott open out-going mail, which was handed to him by either COI Tew or COI Ellis. I was ordered to "turn-around, it's not your business."

Because I didn't turn around and tried to see whose mail was being censored, I was assaulted by the two officers Tew and Ellis, I still maintain that Sgt. Holott failed in his

(1)

DUTIES TO INTERVENE.

I contacted my relatives in Mobile, and my father retained attorney James Bird. He made several phone calls to this facility to pursue a liability claim against the persons responsible, including Warden Gwendolyn Mosley, asking for medical charts.

I went out to the Seg. Board to complain about this incident of abuse and nothing was ever done.

Otherwise the only action that was taken was adverse, in that correctional officers began to retaliate against me by unneccessary shakedowns, verbal abuse, intimidation, threats, delayed mail delivery, illegal censorship, no commissary and no phone privileges, etc.

Due only to this treatment, did I then request that attorney Bird to withdraw his efforts on my behalf.

At the time of this incident, I asked to be taken to the Health Care Unit, and was refused. I later was taken by 2nd shift officers, treated and then returned to my cell.

I have remained in segregation since and as of the date of this filing.

(2)

Plaintiff maintains that he is the pro se litigant in the initial complaint filed on November 27, 2005.

At that time the plaintiff's first request for relief was preliminary injunction, because of the severity and regularity of those assaults of brutality and hostility. It is the most important request in the filing of Civil Action 2:05-CV-1130-T, for himself as well as 6 six other inmates in the segregation unit. (See Motion for the Appointment of Counsel). (See also the affidavit(s) of inmate(s), Thomas Otter Adams, Garrett Gaines, Ricky Davis, Cedric Brooks, Gregory Boykin and Kenneth Hill.)

Plaintiff maintains that from page #1 of a document known as Preliminary Injunction which was mailed on Dec. 12, 2005 in paragraph 1 plaintiff does oppose the recommendation #1 of the Honorable Susan Russ Walker.

Plaintiff requested the immediate relief of a Preliminary Injunction pursuant to the F.R.Cv.P. - #65 (A)(2),(b), pursuant to Conley v. Gibson 355 U.S. 41 (1957) plaintiff prays for the tolerance of this Honorable Court.

(3)

Plaintiff maintains that the legal documents known as (1) Preliminary Injunction, (2) Declaration of named affiants), (signed under Penalty of Perjury, by 7 inmates, Dec. 6, 2005). Affidavit of Garrett Gaines, Dec. 6, 2005, and Affidavit of Garrett Gaines Dec. 8, 2005, never left the Easterling Correctional Facility.

Plaintiff maintains that the Defendant Seg. Commander Sgt. Hulett is solely responsible for the delivery of sealed, stamped and properly addressed legal mail, outgoing legal mail cannot be censored for any reason when it is properly marked. It is beyond reasonable logic that any inmate would attempt to negotiate or initiate anything illegal with the envelope addressed to the U.S. District Court.

Plaintiff maintains that it has taken a second request to the Business Office so that the initial filing fee would be sent promptly to the courts to prevent a dismissal caused by delay, or a failure to pay as ordered.

Plaintiff maintains that Sgt. Hulett, a defendant in this present action has the only key to the newly installed

(4)

"MAIL DROP-BOX" in the 5 Dorm Lobby. Inmates in Seg. Dorm cannot place mail in this box and must be trusted to a Correctional Officer on 3rd shift.

Plaintiff contends that the Honorable Myron H. Thompson, the United States District Judge has never recieved the above listed documents and could not fairly render the judment and donial of the Order of Dec. 22, 2005.

Plaintiff prays for relief in this motion for consideration and that an Order to require strict compliance with laws and regulations concerning legal mail is issued to the Easterling Correctional Facility. Plaintiff contends further that the Defendant(s) have violated well established rules & regulations concerning inmate's legal mail.

I hereby affirm under the penalty of perjury that the foregoing and above styled motion for reconsideration is true and correct to the best of my ability and belief. By my signature;

s/ Michael Allen Brazell 226568
MICHAEL ALLEN BRAZELL- 226568
SB-8    E.C.F.

Date this 27 day of Dec. 2005.

CERTIFICATE OF SERVICE

I, hereby certify that I have sent by the U.S. Mail, proper postage pre-paid and then properly addressed a copy of the following:
Motion for Reconsideration
Business Office, Clerk E.C.F.
Declaration of Thomas Adams - 1
Declaration of Thomas Adams - 2
Sworn Affidavit of Michael Brazell
Sworn Affidavit of David Liles

To:
Kim Thomas, Legal Counsel
301 S. Ripley Street
P.O. Box 301501
Montgomery, Ala. 36130-1501

On this _____ day of _____, 2005

X Michael Brazell
MICHAEL ALLEN BRAZELL
5B-8 E.C.F.

Pursuant to Gibbs v. Hopkins 10 F.3D 373, and Johnson v. Avery 393 U.S. 483. I am;

X Thomas Otter Adams - 100612
THOMAS ADAMS - 100612
5B-8 E.C.F.