In the United States district Court
for the middle district of Alabama
Northern Division

| | | |
|---|---|---|
| Michael Brazell #226568 | ) | |
| plaintiff | ) | |
| v. | ) | Memorandum of Law |
| Gwendolyn Mosley | ) | |
| warden | ) | Civil Action No. |
| L. Hulett | ) | 2:05-CV-1130-T |
| sgt. | ) | |
| CO I Ivey | ) | |
| CO I Fayson | ) | |
| CO I L. Peavy | ) | |
| Nurse Bush | ) | |
| Nurse Crawford | ) | |
| | ) | |

## Memorandum of Law

Comes now the plaintiff Michael Allen Brazell, a state prisoner before this honorable court Judge Myron Thompson, who prays for relief
In support of this motion for appointment of counsel, now states the following:

Statement of the case;

This is a civil rights case filed under 42 U.S.C. § 1983 by a state prisoner who is asserting claims for the unconstitutional misuse of force, the denial of medical care for injuries inflicted during the misuse of force, while handcuffed behind his back.

The plaintiff, Michael Allen Brazell #226568, seeks damages as to all claims and had at one point sought an injunction, pursuant to F.R.CIV.P. # 65-(A)(2)(b), being denied Dec. 16, 2005

Statement of facts;

The complaint alleges that on two occasions (May, 2005) and again on (Nov. 16, 2005,) he was assaulted by several correctional officers, while hand-cuffed behind his back, on both occasions he recieved injuries, as is documented by H.C.U. "body charts"

(1 A)

Plaintiff Brazzel avers that these type abuses are a "pattern of practice." Plaintiff has been confined continuously in SB-Segregation since September 9, 2004, over 15 months for a violation stemming from a single charge of Rule #31 - Assault on another inmate, w/o weapon, and at this present filing remains a (6) six-month "clear record."

Plaintiff's allegations are supported by the affidavit(s) of inmate's - Thomas Adams, Garrett Haines, Cedric Brooks, Kenneth Hill, Ricky Davis, the affidavit(s) of these inmates allege among other violations, irreparable psychological and physical injury, due to the "totality of conditions."

### ARGUMENT

Plaintiff contends that in deciding whether to appoint counsel for an indigent litigant, the Court should consider, "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim(s) and the complexity of the

(2 A)

legal issues". ABDULLAH v. GUNTER, 949 F.2D 1032, 1035 (8th Cir. 1991), 112 S.Ct. 1995, 1992. In addition courts have suggested that the most important factor is whether the case has merit. COOPER v. A. SARGENTI CO., INC., 877 F.2D 170, 173 (2D. Cir. 1989). Plaintiff maintains that each of these factors weighs in favor of appointing counsel in this case.

(1) FACTUAL COMPLEXITY:

The plaintiff alleges that on two occasions several correctional officers physically abused him, while hand-cuffed (behind his back), while others stood by and watched. Plaintiff also asserts that certain prison officials were on notice of the violent propensities of some of those officers and did nothing. Plaintiff challenges the denial of medical care for over 20 hrs. after the incident.

In addition one of the plaintiff(s)/affiant(s) claims, "I've been housed in the Seg. Unit since Feb. 2003 and have been assaulted twice by officers, while in restraints." (Inmate GARRETT GAINES. # 173280).

(3 A)

Also from inmate Gregory Boykins-# 107120 sworn affidavit- "I've been subjected to 8th amendment violation; such as acts of cruelty, inhumane and degrading treatment, excessive punishment and continued isolation"- from inmate Ricky Davis-#-173073; "Sgt. Nolett choked me, and COI Ivey tried to kick my feet out from under me"- "Sgt. Nolett hit my face into the wall many times."

Plaintiff Brazil submits as fact the declaration of named affiant(s), in whole, as true and correct, by oath and signature.

In addition, one of the plaintiff's claims involves issues of a psychological nature due to long-term isolation; it will probably be necessary to present medical and psychological expert witness and to then cross-examine these experts. The presence of medical and psychological issues requiring expert testimony supports the appointment of counsel/attorney. <u>Moore v. Mabus, 976 F.2D 268, 272 (5th Cir. 1992), Jackson v. Co. of McLean, 953 F.2D 1070, 1073 (7th Cir. 1992), Tucker v. Randall, 948 F.2D. 388, 392 (7th Cir. 1991).</u>

(4A)

2. <u>Plaintiff's ability to investigate</u>

The Plaintiff as well as each of the affiants) are locked-up in Segregation Unit at Easterling Correctional Facility, several have been then continuously locked-up for over 2 years, with over a year being common among the Seg. Dorm population. The Plaintiff has no ability to investigate the facts, Plaintiff is now unable to identify, locate and interview any inmates who were victim(s) of brutality, assault, permanent physical injury and psychological torture.

In addition, this particular case will require considerable discovery concerning the identity of witnesses, officers reports and statements about incidents, history of officers with prior records of misuse of force, brutality, excessive use of force, any additional plaintiffs) medical history. <u>Tucker v. Dickey, 613 F.Supp 1124, 1133-34 (W.D. Wis. 1985)</u> (the need for discovery supports appointment of counsel.) <u>Gatson v. Coughlin 679 F.Supp. 270, 273 (W.D. N.Y. 1988). Armstrong v. Snyder 103 F.R.D. 96, 105 (E.D. Wis. 1984)</u>

(5A)

3. CONFLICTING TESTIMONY

The Plaintiff's account of his beatings and physical abuse will likely be squarely in conflict with statements of ALA. D.O.C. personnel, correctional officers, as well as accounts of assault and physical abuse alleged by affiants and other/former inmates who were and are presently housed in the segregation unit at E.C.F. (such witnesses as can be located). The very existence of these credibility issues supports the appointment of counsel. Eason v. Coughlin 679 F.Supp. 270, 273 (W.D.N.Y. 1988)

4. THE ABILITY OF THE INDIGENT TO PRESENT HIS CLAIM.

The Plaintiff is an indigent prisoner who has no legal training, certainly a factor that also supports the appointment of counsel. Whisenant v. Yuam 739 F.2d. 160, 163 (4th Cir 1984). In addition, he is confined to the segregation unit and has a very limited access to any legal materials. Rayes v. Johnson 969 F.2d. 700, 703-04 (8th Cir 1992) which cites lack of ready access to a law library as a factor in the supporting appointment of counsel.

(6A)

5. <u>LEGAL COMPLEXITY</u>: The large number of defendant(s), some of whom are supervisory officials, presents complex legal issues of determining which defendants were then sufficiently personally involved in the constitutional violations to be held liable. Also the plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can now develop. <u>Abdullah v. Gunter 949 F.2d 1032, 1036 (8th Cir. 1991)</u> A jury demand is a factor supporting appointment of counsel, <u>112 S. Ct. 1995 (1992)</u>.

6. <u>MERIT OF THE CASE.</u> The plaintiff as well as the named affiant(s) allegations, if proved, clearly would establish a constitutional violation. The unprovoked and injurious beating(s) alleged in the original complaint clearly violates in stating an 8th amendment violation. The allegations of the denial of medical care actually amount to "callous, deliberate indifference", this being what the Supreme Court has specifically cited as an example of prisoners medical needs. Estelle v. Gamble 429 U.S. 97, 105 (1976).
Plaintiff Brazel then maintains that

(7A)

On its face, then, this is a meritorious case.

Petitioner's request for the appointment of counsel should be granted.

It is so prayed!

I hereby certify under the penalty of perjury that the foregoing motion for appointment of counsel and the supporting memorandum of law, is true and correct to the best of my belief and knowledge.

Done this 22 day of Dec. 2005.

Michael Brazell 226568
MICHAEL BRAZELL - 226568
SB-8 E.C.F.
200 Wallace Dr.
Clio, Ala. 36017

Pursuant to Abdos v. Hopkins 10 F.3D. 373, 378 (6th Cir. 1993) and Johnson v. Avery 393 U.S. 483, 490 (1969), I am
Thomas Adams - 100612
THOMAS OTTER ADAMS

(8A)