IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL ALLEN BRAZELL, #226568　　*

Plaintiff,　　*

v.　　* CIVIL ACTION NO. 2:05-CV-1130-T

WARDEN GWENDOLYN MOSLEY, *et al.*,　*

Defendants.　　*

## SPECIAL REPORT

COME NOW, the defendants, **Gwendolyn Mosely, Lewis Hulett, John Ivey, Daron Fayson, and Larry Peavy,** and in accordance with this Honorable Court's Order of January 6, 2006, do hereby submit the following Special Report.

## PARTIES

1. The Plaintiff, Michael Brazell, is an Alabama Department of Corrections (hereinafter "ADOC") inmate, who is presently incarcerated in the Easterling Correctional Facility in Clio, Alabama.

2. Plaintiff has named the following defendants:

    a. Gwendolyn Mosely, Correctional Warden III, who is employed by the Department of Corrections, Easterling Correctional Facility in Clio, Alabama.

    b. Lewis Hulett, Correctional Officer II, who is employed by the Department of Corrections, Easterling Correctional Facility in Clio, Alabama.

    c. John Ivey, Correctional Officer I, who is employed by the Department of Corrections, Easterling Correctional Facility in Clio, Alabama.

d. Daron Fayson, Correctional Officer I, who is employed by the Department of Corrections, Easterling Correctional Facility in Clio, Alabama.

e. Larry Peavy, Correctional Officer I, who is employed by the Department of Corrections, Easterling Correctional Facility in Clio, Alabama.

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

Plaintiff alleges that Correctional Officer I John Ivey (hereinafter "Ivey") pulled, twisted, jerked, slammed, and scratched Plaintiff while removing Plaintiff from his cell, and defendants, Correctional Officer II Lewis Hulett (hereinafter "Hulett"), Correctional Officer I Daron Fayson (hereinafter "Fayson"), and Correctional Officer I Larry Peavy (hereinafter "Peavy"), subsequently refused to render medical treatment to Plaintiff. Plaintiff seeks "preliminary injunction, investigation by intelligence and investigation (I&I) Ala. D.O.C., Declatory Judgment, and Punitive Damages," due to an alleged violation of his Eighth Amendment rights.

## DEFENDANTS' EXHIBITS

1. Exhibit A - Affidavit of Gwendolyn Mosely, Correctional Warden III of Easterling Correctional Facility.

2. Exhibit B – Affidavit of Lewis Hulett, Correctional Officer II of Easterling Correctional Facility.

3. Exhibit C – Affidavit of John Ivey, Correctional Officer I of Easterling Correctional Facility.

4. Exhibit D – Affidavit of Michael Brazell, #226568, ADOC inmate housed in Easterling Correctional Facility.

2

5. Exhibit E – Affidavit of Kennth Hill, #181096, ADOC inmate housed in Easterling Correctional Facility.

6. Exhibit F – Affidavit of Cedric Brooks, #162905, ADOC inmate housed in Easterling Correctional Facility.

7. Exhibit G – Affidavit of Adam Pitts, #190621, ADOC inmate housed in Easterling Correctional Facility.

8. Exhibit H – Affidavit of Ricky Davis, #173073, ADOC inmate housed in Easterling Correctional Facility.

9. Exhibit I - Administrative Segregation Orientation Annex A.

## DEFENDANTS' RESPONSE

1. Defendant Ivey denies the allegations in Count One of Plaintiff's Complaint.

2. Defendants deny the allegations in Count Two and Count Three of Plaintiff's Complaint.

3. Plaintiff has failed to allege facts sufficient to support an excessive force claim.

4. Defendants named in their official capacities are immune by virtue of sovereign immunity.

5. Defendants named in their individual capacities are immune by virtue of qualified immunity.

6. Defendants deny violating Plaintiff's constitutional rights.

7. Plaintiff has failed to state a claim upon which relief can be granted.

8. Defendants request that this Honorable Court consider this report as a Motion for Summary Judgment as both parties have submitted affidavits in support of their positions and there are no material factual disputes.

## STATEMENT OF FACTS

Although Plaintiff and Defendants have submitted over twenty pages of affidavit testimony, the facts of this matter are simple. Plaintiff asserts that during lunchtime on November 16, 2005, Plaintiff asked Ivey to hand Plaintiff a pair of shower-shoes that were outside Plaintiff's cell.[1] (Ex. A, B, C, D, E, and G.) Officer Ivey refused Plaintiff's request.[2] (Ex. A, B, C, D, E, and G.) Plaintiff then threw serving trays to the floor.[3] (Ex. A, B, C, D, E, F, and G.) Ivey removed Plaintiff from his cell so that his cell-mates could finish their lunch. (Ex. A, B, C, D, and F.) Plaintiff claims that Ivey hurt Plaintiff's wrists while removing him from his cell and subsequently replacing Plaintiff to his cell. (Ex. D.) Plaintiff was physically examined during the third shift on November 17, 2005 at 4:00AM. (Ex. D.)

## DISCUSSION OF PLAINTIFF'S CLAIMS

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. This case is ripe for summary judgment because the plaintiff cannot present substantial evidence that there is a genuine issue of

---

[1] Plaintiff does not state why his shower-shoes were outside of his cell. (Ex. D.) Mosley states in her affidavit that the Plaintiff's shower-shoes were on the floor because Plaintiff put them there. (Ex. A.)
[2] Ivey did not know for sure who the shower-shoes belonged to, and Ivey did not believe that it would be sanitary to hand shower-shoes through the same opening that he was handing lunch through. (Ex. C.)
[3] Plaintiff knows or should have known that the act of throwing his tray down in his cell was a violation of prison rules. (Ex. I.)

material fact as to any of his claims and the Defendants are entitled to judgment as a matter of law.

Plaintiff's claim that Ivey violated his Eighth Amendment rights when he handcuffed Plaintiff in order to remove Plaintiff from his cell must fail even if Plaintiff's Affidavit is admitted as fact. Plaintiff's Complaint alleges no injury upon which he can base a valid excessive force claim. To state a valid excessive force claim, an inmate's injuries need not be significant, but must be more than *de minimis*. Harris v. Garner, 190 F.3d 1279, 1287 (11th Cir.); modified in part by Harris v. Garner, 216 F. 3d 970 (2000). The Eleventh Circuit follows a two part test to determine whether a plaintiff has established a valid excessive force claim. Lanier v. Fralic, No. Civ.A.98-0923AHL, 2000 WL 1844679 *4 (S.D. Ala. 2000). The test has an objective and subjective component. Id. Plaintiff's excessive force claim cannot be maintained unless Plaintiff establishes:

1. That he suffered injury that was objectively harmful enough to establish a constitutional violation, and

2. That subjectively, defendant acted maliciously or sadistically to cause the plaintiff harm.

Id. Plaintiff alleges that Ivey pulled, twisted, jerked, and scratched Plaintiff's wrists causing scratches, swelling and bruising. (Ex. D.) Plaintiff goes on to say that he was examined for injury, but does not describe any need for treatment as a result of the examination. (Ex. D.) The Eleventh Circuit has observed that injuries similar to the injuries alleged by Plaintiff are too minor to support the objective prong of the excessive force test. Id. at *5. Because the Plaintiff's injuries are *de minimis*, his excessive force claim fails and Defendant Ivey is entitled to summary judgment.

Plaintiff's claims against Defendants in their individual capacities fail based on qualified immunity, which "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting Lassiter v. Alabama A&M Univ., Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994). Monitoring and restraining violent inmates is a dangerous undertaking that requires the use of discretion. Plaintiff's allegations if proven show nothing more than *de minimis* injury that did not require treatment. (Ex. D.) Plaintiff has failed to allege a valid violation of his constitutional rights that puts any Defendant on notice that their actions violated clearly established law. The Defendants are entitled to qualified immunity.

Plaintiff's claims against the Defendants in their official capacities fail because the Defendants are entitled to immunity via the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. See Edelman v. Jordan, 415 U.S. at 663, 94 S. Ct at 1347 and Hans v. Louisiana, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Defendants were acting within the scope of their official duties in this instance on behalf of the State of Alabama. Plaintiff has named each Defendant in their official capacity and therefore has sued the State of Alabama. The State of Alabama has not waived its immunity or consented to

the filing of such a suit. Defendants in their official capacities are absolutely immune from suit in this instance. U.S. Const. amend. 11; Art. I, § 14, Ala. Const. (The State of Alabama shall never be made a defendant in any court of law or equity); see also Kentucky v. Graham, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against the state). All claims against the Defendants in their official capacities are due to be dismissed.

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). This case is ripe for summary judgment because there is no genuine issue of fact as to the Plaintiff's claims and the Defendants are entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing, Defendants Gwendolyn Mosely, Lewis Hulett, John Ivey, Daron Fayson, and Larry Peavy, respectfully request that this court consider treating this Special Report as a Motion for Summary Judgment, and enter judgment in favor of the Defendants.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL
KING047


s/ J. Matt Bledsoe
J. Matt Bledsoe (BLE 006)
ASSISTANT ATTORNEY GENERAL

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 15th day of February 2006, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

MR. MICHAEL ALLEN BRAZELL, #226 568
EASTERLING CORRECTIONAL FACILITY
200 WALLACE DRIVE
CLIO, ALABAMA 36017


                                        s/ *J. Matt Bledsoe*
                                        J. Matt Bledsoe (BLE 006)
                                        ASSISTANT ATTORNEY GENERAL


ADDRESS OF COUNSEL:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7554
(334) 242-2433 (fax)