IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

MICHAEL BRAZELL (AIS #226568),          *

    Plaintiff,                           *

V.                                      *          2:05-CV-1130-WKW

SUSANNE BUSH, L.P.N. and                *
SUNDAY CRAWFORD, ET AL.
                                        *
    Defendants.
                                        *

## SPECIAL REPORT OF DEFENDANTS PRISON HEALTH SERVICES, INC., SUNDAY CRAWFORD, R.N. AND SUSANNE BUSH, L.P.N.

COME NOW Defendants Prison Health Services, Inc., (hereinafter referred to as "PHS"), Sunday Crawford, R.N. and Susanne Bush, L.P.N. in response to this Honorable Court's Order of January 6, 2006, as extended, and present the following Special Report with regard to this matter:

## I. INTRODUCTION

The Plaintiff, Michael Brazell (AIS# 226568) is an inmate confined at Easterling Correctional Facility located in Clio, Alabama. On November 29, 2005, Brazell filed a Complaint against Defendants PHS, the company that currently contracts with the State of Alabama to provide healthcare to inmates at Easterling; Nurse Crawford, a licensed, registered nurse at Easterling; and Nurse Bush, a licensed, practical nurse at Easterling, alleging that they violated his constitutional rights by denying him medical evaluation and/or treatment on November 16, 2005 for injuries sustained during an altercation with an Alabama Department of Corrections Officer. The Plaintiff demands an unspecified preliminary injunction, as well as

unspecified punitive damages. At all pertinent times, Nurses Crawford and Bush were employed by PHS.

As directed, the Defendants have undertaken a review of Plaintiff Brazell's claims to determine the facts and circumstances relevant thereto. At this time, the Defendants are submitting this Special Report, which is supported by a Certified Copy of Plaintiff Brazell's medical records (attached hereto as Exhibit "A"), the Affidavit of Sunday Crawford, R.N. (attached hereto as Exhibit "B") and the Affidavit of Susanne Bush, L.P.N. (attached hereto is Exhibit "C"). These evidentiary materials demonstrate that Plaintiff Brazell has been provided appropriate medical treatment at all times, and that the allegations in his Complaint are without merit.

## II. NARRATIVE SUMMARY OF FACTS

At all pertinent times, Michael Brazell (AIS# 226568) has been incarcerated as an inmate at Easterling Correctional Facility. (See Exhibits "A", "B" & "C"). Brazell has been seen and evaluated by Easterling's medical or nursing staff, and has been referred to an appropriate care provider and given appropriate care, each time he has registered any health complaints at Easterling. (Id.)

Mr. Brazzel has made a complaint in this case that Nurses Crawford and Bush failed to provide him with medical treatment or evaluation on November 16, 2005 for alleged injuries sustained subsequent to being involved in an altercation with an Alabama Department of Corrections Officer (See Complaint). The Plaintiff's allegations are untrue, however, as the Defendants have acted appropriately in evaluating this inmate at all times.

As part of her duties as a nurse at Easterling, Nurse Crawford periodically served as a segregation pill call nurse (See Exhibit "B"). As a segregation pill call nurse, she was

responsible for delivering medications to inmates housed in Easterling's segregation dormitories. (Id.) On November 16, 2005, Nurse Crawford was acting in this capacity while delivering medication to inmates housed in segregation dormitory No. 5. (Id.) On this date, she delivered medication to Mr. Brazell. (Id.) As Nurse Crawford approached Mr. Brazell's cell, he told her that he had been involved in an altercation with an Alabama Department of Corrections Officer. (Id.) Nurse Crawford explained to Mr. Brazell that if he had a medical complaint he must submit a written request for evaluation to the infirmary. (Id.) Pursuant to Alabama Department of Corrections' protocol, in order for an inmate to receive medical evaluation while housed in segregation, the inmate must first submit a written request for evaluation to the infirmary. (Id.) After such a request has been made, an Officer must then restrain the inmate and subsequently escort him to the infirmary for evaluation. (Id.)

Nurse Crawford would not have been allowed to provide evaluation to any inmate in segregation unless that inmate was suffering from acute physical distress. (Id.) Mr. Brazell was not suffering from acute physical distress when she spoke with him on November 16, 2005. (Id.)

Defendant Bush also occasionally served as a segregation pill call nurse (See Exhibit "C"). As a pill call nurse, Nurse Bush was also responsible for delivering medications to inmates housed in Easterling's segregation dormitories (Id.). On November 16, 2005, Nurse Bush was acting in this capacity while delivering medication to inmates housed in segregation dormitory No. 5. (Id.) While Nurse Bush has no memory of encountering Mr. Brazell on this date, she has testified via affidavit that she did not deliver any medications to him. (Id.) Moreover, even if Mr. Brazell had solicited evaluation from Nurse Bush while she was delivering medications, she would have been unable to provide him with evaluation in the segregation setting unless she observed him in acute physical distress. (Id.) Again, as discussed above, Alabama Department

of Corrections' protocol dictates that in order for an inmate to receive medical evaluation while housed in segregation he must first submit a written request for treatment with the infirmary. (Id.)    Subsequent to placing a written request, the inmate must then be escorted in restraints from his segregation cell to the infirmary by an Officer. (Id.)

Mr. Brazell's medical conditions and complaints have been evaluated in a timely fashion at Easterling Correctional Facility and his diagnosed conditions have been treated in a timely and appropriate fashion. (Id.)    At all times, he has received appropriate medical treatment for his health conditions at Easterling. (Id.)    At no time has he been denied any needed medical treatment. (Id.)

The appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate. (Id.)    At no time have the Defendants or any of the medical or nursing staff at Easterling, denied Mr. Brazell any needed medical treatment, nor have they ever acted with deliberate indifference to any serious medical need of Mr. Brazell. (Id.) At all times, Mr. Brazell's known medical complaints and conditions have been addressed as promptly as possible under the circumstances. (Id.)

### III. DEFENSES

The Defendants assert the following defenses to the Plaintiff's claims:

1.    The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2.    The Defendants plead not guilty to the charges in the Plaintiff's Complaint.

3.    The Plaintiff's Complaint fails to state a claim against the Defendants for which relief can be granted.

4.    The Defendants affirmatively deny any and all alleged claims by the Plaintiff.

5.    The Plaintiff is not entitled to any relief requested in the Complaint.

6.    The Defendants plead the defense of qualified immunity and aver that the actions taken by the Defendants were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7.    The Defendants are entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Defendants have violated any clearly established constitutional right.

8.    The Defendants cannot be held liable on the basis of respondeat superior, agency, or vicarious liability theories.

9.    The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10.    The allegations contained in the Plaintiff's Complaint against the Defendants sued in their individual capacities, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

11.    The Defendants plead all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12.    The Defendants aver that they were at all times acting under color of state law and, therefore, they are entitled to substantive immunity under the law of the State of Alabama.

13.    The Defendants plead the general issue.

14.    This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Defendants would amount to

mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15.    The Plaintiff's claims against the Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

16.    Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17.    The Defendants plead the defense that at all times in treating Plaintiff they exercised the same degree of care, skill, and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did they act toward the Plaintiff with deliberate indifference to a serious medical need.

18.    The Defendants plead the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render him liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19.    The Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

20.    The Defendants plead the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21.    The Defendants plead the affirmative defense that they are not responsible for the policies and procedures of the Alabama Department of Corrections.

22.    The Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

23.    The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against them and that any such award would violate the United States Constitution.

24.    The Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25.    The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning Defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26.    The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Defendants who are entitled to immunity.

27.    The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28.    The Plaintiff has failed to comply with 28 U.S.C. § 1915_with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

29.    Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the

Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30.    The Defendants assert that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42 U.S.C. § 1988 to award these Defendants reasonable attorney's fees and costs incurred in the defense of this case.

31.    The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F., Supp. 2d 1252 (D. Kan. 1999).

## IV. ARGUMENT

A court may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. Romero v. City of Clanton, 220 F. Supp. 2d 1313, 1315 (M.D. Ala., 2002), (citing, Hishon v. King & Spalding, 467 U.S. 69, 73, (1984). "Procedures exist, including Federal Rule of Civil Procedure 7(a), or Rule 12(e), whereby the trial court may "protect the substance of qualified immunity," Shows v. Morgan, 40 F. Supp. 2d 1345, 1358 (M.D. Ala., 1999). A careful review of Brazell's medical records reveals that Brazell has been given appropriate medical treatment at all times. (See Exhibits "A", "B" & "C"). All of the allegations contained within Brazell's Complaint are either inconsistent with his medical records, or are claims for which no relief may be granted. (Id.) Therefore, Brazell's claims against the Defendants are due to be dismissed.

In order to state a cognizable claim under the Eighth Amendment, Brazell must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (U.S. 1976); McElligott v. Foley, 182 F.3d

1248, 1254 (11th Cir. 1999); Palermo v. Corr. Med. Servs., 148 F. Supp. 2d 1340, 1342 (S.D. Fla. 2001). In order to prevail, Brazell must allege and prove that he suffered from a serious medical need, that the Defendants were deliberately indifferent to his needs, and that he suffered harm due to deliberate indifference. See Marsh v. Butler County, 268 F.3d 1014, 1058 (11th Cir. 2001) and Palermo, 148 F. Supp. 2d at 1342. "Neither inadvertent failure to provide adequate medical care nor a physician's negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment." Id. (citations omitted).

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmates' serious medical conditions does not rise to the level of a constitutional violation. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is a prisoner. See Estelle, 429 U.S. at 106, McElligott, 182 F.3d at 1254, Hill, 40 F.3d 1176, 1186 (11th Cir. 1994), Palermo, 148 F. Supp. 2d at 1342. Further, a mere difference of opinion between an inmate and the physician as to treatment and diagnosis cannot give rise to a cause of action under the Eighth Amendment. Estelle, 429 U.S. at 106-108.

The Defendants may only be liable if they had knowledge of Brazell's medical condition, Hill, 40 F. 3d at 1191, and acted intentionally or recklessly to deny or delay access to his care, or to interfere with treatment once prescribed. Estelle, 429 U.S. at 104-105. Obviously, Brazell cannot carry his burden. The evidence submitted with this Special Report clearly shows that the Defendants did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. The evidence demonstrates, to the contrary, that Brazell's claims are without merit. Appropriate standards of care were followed at all times.

(Id.)  These facts clearly disprove any claim that the Defendants acted intentionally or recklessly to deny treatment or care.

The Defendants are, further, entitled to qualified immunity from all claims asserted by Brazell in this action.  There is no argument that the Defendants were not acting within the scope of their discretionary authority.  See Eubanks v. Gerwen, 40 F. 3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F. 3d 1559, 1566 (11th Cir. 1994).  Because the Defendants have demonstrated that they were acting within the scope of their discretionary authority, the burden shifts to Brazell to show that the Defendants violated clearly established law based upon objective standards.  Eubanks, 40 F. 3d at 1160.  The Eleventh Circuit requires that before the Defendants' actions can be said to have violated clearly established constitutional rights, Brazell must show that the right allegedly violated was clearly established in a fact-specific, particularized sense.  Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual.  See Brescher v. Von Stein, 904 F.2d 572, 579 (11th Cir. 1990) (quoting, Anderson v. Creighton, 483 U.S. 635, 640, (U. S. 1987)).  The question that must be asked is whether the state of the law in 2005 gave the Defendants fair warning that his alleged treatment of Brazell was unconstitutional.  Hope v. Pelzer, 536 U.S. 730, 741 (U.S. 2002).

Therefore, to defeat summary judgment, Brazell must be able to point to cases with "materially similar" facts, within the Eleventh Circuit, that would alert the Defendants to the fact that his practice or policy violates his constitutional rights. See Hansen v. Soldenwagner, 19 F.3d 573, 576 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F. 3d 1146, 1151 (11th Cir. 1994). The Defendants submit that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Brazell's constitutional rights. All of Brazell's medical needs have been addressed or treated. (See Exhibits "A", "B" & "C"). The Defendants have provided Brazell with appropriate medical care at all times. (Id.)

Finally, pursuant to the Court's January 6, 2006 Order, as extended, the Defendants request that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment. The Defendants have demonstrated both through substantial evidence and appropriate precedent that there is not any genuine issue of material facts relating to a constitutional violation, and that they are, therefore, entitled to a judgment in their favor as a matter of law. The Plaintiff's submissions clearly fail to meet his required burden.

## V. CONCLUSION

The Plaintiff's Complaint is due to be dismissed on its face, and is, further, disproven by the evidence now before the Court. All of the Plaintiff's requests for relief are without merit.

Accordingly, the Defendants request that this Honorable Court either dismiss the Plaintiff's Complaint, with prejudice, or enter a judgment in their favor.

Respectfully submitted,

S/L. Peyton Chapman, III
Alabama State Bar Number CHA060
S/R. Brett Garrett
Alabama State Bar Number GAR085
Attorneys for Defendants PHS,
Sunday Crawford, R.N., and
Susanne Bush, L.P.N.

RUSHTON, STAKELY, JOHNSTON &
GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama  36101-0270
Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: bg@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail

this the 29th day of February, 2006, to:

Michael Brazell (AIS# 226568)
Easterling Correctional Facility
Post Office Box 10
Clio, Alabama 36017

s/R. Brett Garrett GAR085
Attorney for Defendants PHS, Sunday
Crawford, R.N. and Susanne Bush, L.P.N.