IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

MICHAEL BRAZELL (AIS #226568),   *

    Plaintiff,   *

V.   *   2:05-CV-1130-WKW

SUNDAY CRAWFORD, ET AL.   *

    Defendants.   *

### AFFIDAVIT OF SUNDAY CRAWFORD, R.N.

STATE OF ALABAMA

COUNTY OF Barbour

BEFORE ME, _Dannie D. McLaney_, a notary public in and for said County and State, personally appeared SUNDAY CRAWFORD, R.N. and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of her ability, information, knowledge and belief, as follows:

"My name is Sunday Crawford. I am over the age of twenty-one and am personally familiar with all of the facts set forth in this Affidavit. I have been a licensed, registered nurse in Alabama since 2004. I was employed as a nurse at Easterling Correctional Facility in Clio, Alabama, from February 7, 2005 to December 7, 2005. At all times relevant to this case, I was employed by Prison Health Services, Inc., the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates.

Michael Brazell (AIS #226568) is an inmate currently incarcerated at Easterling Correctional Facility. It is my understanding that Mr. Brazell has made a complaint in this

matter that I failed to offer him medical assistance on November 16, 2005 for alleged injuries sustained during an altercation with an Alabama Department of Corrections Officer.

As part of my duties as a nurse at Easterling, I periodically served as a segregation pill call nurse. As a segregation pill call nurse I was responsible for delivering medications to inmates housed in Easterling's segregation dormitories. On November 16, 2005, I was acting in this capacity while delivering medication to inmates housed in segregation dormitory No. 5.

On this date, I delivered medication to Mr. Brazell. As I approached his cell, Mr. Brazell told me that he had been involved in an altercation with an Alabama Department of Corrections Officer. I explained to Mr. Brazell that if he had a medical complaint he must submit a written request for evaluation to the infirmary. Pursuant to Alabama Department of Corrections' protocol, in order for an inmate to receive medical evaluation while housed in segregation, the inmate must first submit a written request for evaluation to the infirmary. After such a request has been made, an Officer must then restrain the inmate and subsequently escort him to the infirmary for evaluation.

I would not have been allowed to provide evaluation to any inmate in segregation unless that inmate was suffering from acute physical distress. Mr. Brazell was not suffering from acute physical distress when we spoke on November 16, 2005.

Based on my personal knowledge of the treatment provided to this inmate, it is my opinion that all of his medical conditions and complaints have been evaluated and treated in a timely and appropriate fashion. At all times, myself and the other healthcare providers at Easterling have exercised the same degree of care, skill, and diligence as other similarly situated health care providers would have exercised under the same or similar circumstances. In other

words, it is my opinion that the appropriate standard of care was adhered to at all times in providing medical care, evaluation, and treatment to this inmate.

At no time did I or any of the medical or nursing staff at Easterling Correctional Facility deny Mr. Brazell any needed medical treatment, nor did we ever act with deliberate indifference to any serious medical need of Mr. Brazell. At all times, Mr. Brazell's medical complaints and conditions were addressed as promptly as possible under the circumstances."

Further affiant sayeth not.

_____
SUNDAY CRAWFORD, R.N.

STATE OF ALABAMA    )
                    )
COUNTY OF Barbour   )

Sworn to and subscribed before me on this the 28th day of February, 2006.

_____
Notary Public

My Commission Expires:

9-23-06

3