IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| MICHAEL BRAZELL (AIS #226568), | * | |
| Plaintiff, | * | |
| V. | * | 2:05-CV-1130-WKW |
| SUSANNE BUSH, L.P.N. and SUNDAY CRAWFORD, ET AL. | * | |
| | * | |
| Defendants. | * | |
| | * | |

## ANSWER

COME NOW Defendants Prison Health Services, Inc., Sunday Crawford, R.N. and Susanne Bush, L.P.N. for Answer to the Plaintiff's Complaint in this matter, and state as follows:

1. The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2. The Defendants plead not guilty to the charges in the Plaintiff's Complaint.

3. The Plaintiff's Complaint fails to state a claim against the Defendants for which relief can be granted.

4. The Defendants affirmatively deny any and all alleged claims by the Plaintiff.

5. The Plaintiff is not entitled to any relief requested in the Complaint.

6. The Defendants plead the defense of qualified immunity and aver that the actions taken by the Defendants were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7. The Defendants are entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Defendants have violated any clearly established constitutional right.

8. The Defendants cannot be held liable on the basis of respondeat superior, agency, or vicarious liability theories.

9. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10. The allegations contained in the Plaintiff's Complaint against the Defendants sued in their individual capacities, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

11. The Defendants plead all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12. The Defendants aver that they were at all times acting under color of state law and, therefore, they are entitled to substantive immunity under the law of the State of Alabama.

13. The Defendants plead the general issue.

14. This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15. The Plaintiff's claims against the Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

16. Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17. The Defendants plead the defense that at all times in treating Plaintiff they exercised the same degree of care, skill, and diligence as other physicians and nursing staff

would have exercised under similar circumstances and that at no time did they act toward the Plaintiff with deliberate indifference to a serious medical need.

18. The Defendants plead the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render him liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19. The Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

20. The Defendants plead the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21. The Defendants plead the affirmative defense that they are not responsible for the policies and procedures of the Alabama Department of Corrections.

22. The Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

23. The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against them and that any such award would violate the United States Constitution.

24. The Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26. The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Defendants who are entitled to immunity.

27. The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

29. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30. The Defendants assert that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42 U.S.C. § 1988 to award these Defendants reasonable attorney's fees and costs incurred in the defense of this case.

31. The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F., Supp. 2d 1252 (D. Kan. 1999).

                    Respectfully submitted,

                    S/L. Peyton Chapman, III
                    Alabama State Bar Number CHA060
                    S/R. Brett Garrett
                    Alabama State Bar Number GAR085
                    Attorneys for Defendants PHS,
                    Sunday Crawford, R.N., and
                    Susanne Bush, L.P.N.

                    RUSHTON, STAKELY, JOHNSTON &
                    GARRETT, P.A.
                    Post Office Box 270
                    Montgomery, Alabama  36101-0270
                    Telephone: (334) 834-8480
                    Fax: (334) 262-6277
                    E-mail: bg@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 29th day of February, 2006, to:

Michael Brazell (AIS# 226568)
Easterling Correctional Facility
Post Office Box 10
Clio, Alabama  36017

                    s/R. Brett Garrett GAR085
                    Attorneys for Defendants PHS, Sunday
                    Crawford, R.N. and Susanne Bush, L.P.N.